IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,

    Plaintiff,                                CIV. NO. S-10-3047 KJM GGH

   vs.

CRAIG JERROLD POLLARD, et al.,

                                            <u>ORDER AND</u>
                                            <u>FINDINGS AND RECOMMENDATIONS</u>

    Defendant.

_____/

         Presently before the court is plaintiff's application for entry of default judgment against defendant Pollard, individually and d/b/a Bogey's Cocktail Lounge, filed December 30, 2010.[1] Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following order and findings and recommendations.

<u>BACKGROUND</u>

         On November 11, 2010, plaintiff filed the underlying complaint in this action against defendant Pollard, alleging defendant unlawfully intercepted and exhibited a broadcast of a program featuring a welterweight championship fight between Manny Pacquiao and Miguel Cotto ("Program") in his establishment for commercial advantage without obtaining a sublicense from plaintiff for its use, in violation of the Communications Act, 47 U.S.C. § 605, the Cable

---

[1] The matter was originally scheduled for hearing on February 3, 2011; however, it was vacated after the court determined that a hearing was not necessary. Order, filed January 27, 2010.

1    Communications Policy Act, 47 U.S.C. § 553, and state law.  The complaint alleges defendant
2    exhibited the Program on November 14, 2009.[2]  The summons and complaint were served on
3    defendant Pollard by personal service on December 6, 2010.  Fed. R. Civ. P. 4(e)(2).  Pacific
4    Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default
5    judgment void without personal jurisdiction).  Defendant Pollard has failed to file an answer or
6    otherwise appear in this action.  The clerk entered default against defendant Pollard on December
7    29, 2010.
8           Request for entry of default and the instant motion for default judgment and
9    supporting papers were served by mail on defendant Pollard at his last known address.
10   Defendant Pollard did not file an opposition to the motion for entry of default judgment.
11   Plaintiff seeks an entry of default judgment in the amount of $112,200 against defendant Pollard.
12   DISCUSSION
13          Entry of default effects an admission of all well-pleaded allegations of the
14   complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir.
15   1977).  The court finds the well pleaded allegations of the complaint state claims for which relief
16   can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).
17          The complaint requests, in the event of default, an award of damages pursuant to
18   47 U.S.C. § 605 *et seq.* (The Communications Act) and 47 U.S.C. § 553, *et seq.* (The Cable
19   Communications Policy Act), as well as compensatory and punitive damages for conversion, and
20   restitution for violation of Cal. Bus. & Prof. Code § 17200, *et seq.*  (Complaint at 3-10.)  The
21   instant motion for default judgment requests damages pursuant to 47 U.S.C. § 605 in the amount
22   of $10,000 in statutory damages, $100,000 in enhanced statutory damages for having pirated

---

[2]  The affidavit of the investigator states that defendant exhibited the under-card portion of the Program, which was a bout between Daniel Santos and Yuri Foreman, on November 14, 2009.  The notation that the affiant left the establishment on May 2, 2009 appears to be a typographical error as the remainder of that document refers to November 14, 2009 as the date of the showing, and the investigator signed the document on November 14, 2009.

1  commercial signals in the past, and $2,200 in compensatory damages for conversion.[3]  Section
2  605 prohibits the unauthorized publication or use of communications such as the Program.
3  Section 605(e)(3)(A) also provides for a private civil action for a violation of 605(a).  National
4  Subscription Television v. S&H TV, 644 F.2d 820, 821 n. 1 (9th Cir. 1981).

5           The court deems defaulting defendant, by his failure to appear or defend this
6  action, to have waived any objections to the statutory source of the damages prayed for in the
7  instant motion.  The memorandum of points and authorities and affidavits filed in support of the
8  motion for entry of default judgment supports the finding that plaintiff is entitled to the relief
9  requested.  There are no policy considerations which preclude the entry of default judgment of
10  the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

11           One of the factors the court is free to consider in exercising its discretion to grant
12  or deny default judgment is the sum of money at stake.  See J & J Sports Productions, Inc. v.
13  Betancourt, No. 08cv937 JLS (POR), 2009 WL 3416431, at *3 (S.D. Cal. Oct. 20, 2009).

14           Under section 605, statutory damages may be awarded between $1,000 and
15  $10,000 for violation of the Federal Communications Act and up to $100,000 when the violation
16  "was committed willfully and for purposes of direct or indirect commercial advantage or
17  financial gain." 47 U.S.C. § 605(e)(3)(C)(i)-(ii).  Plaintiff has referenced one other action in the
18  Eastern District against this defendant for the same violations.  (Riley Supp. Decl., ¶ 4, Ex. 1,
19  dkt. #8-4.)  See J & J Sports Productions, Inc. v. Pollard, Civ.S. 10-1066 JAM GGH.  This other
20  filing does not prove defendant's willfulness because it was not initiated until April 30, 2010,
21  *after* defendant exhibited the Program in this case.  Nevertheless, the court has considered other
22  factors, including that the Program was shown on only one television set, despite the presence of
23  a total of four television sets in the establishment, to an audience of 23 to 25 people, in a
24  relatively urban city with a population in excess of 100,000.  (Haverty Aff., dkt. #8-3.)  See Joe

---

[3]  Because plaintiff has eliminated his request for damages under § 553 and for restitution under state law, these damages will not be addressed.

Hand Promotions, Inc. v. Cat's Bar, Inc., 2009 WL 700125, *2 (C.D. Ill. 2009). This court therefore will recommend statutory damages under section 605 in the amount of $10,000 and enhanced statutory damages in the amount of $30,000. Inasmuch as the award of $40,000 in statutory damages will be permitted, plaintiff's request for damages for conversion should be denied.

Insofar as the application for default judgment seeks attorneys' fees and costs but the memorandum in support does not contain argument in support of this request, and there is no declaration supporting this request, it is denied without prejudice to its renewal at a later time.

CONCLUSION

IT IS ORDERED that the Clerk of the Court shall serve these findings and recommendations on the defaulting defendant at the address indicated on plaintiff's proof of service of the instant motion.

In view of the foregoing findings, IT IS RECOMMENDED that plaintiff's motion for entry of default judgment, (dkt. # 8), be GRANTED in part. Judgment should be rendered in the amount of $10,000 in statutory damages and $30,000 in enhanced statutory damages for a total award of $40,000.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The

\\\\\
\\\\\
\\\\\
\\\\\

1  parties are advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: 02/25/11

4                                                               /s/ Gregory G. Hollows

5                                                               _____
                                                                  GREGORY G. HOLLOWS
                                                                  UNITED STATES MAGISTRATE JUDGE
6
  GGH:076/J&JSports3047.def.wpd
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26